JOHN BUCKLEY AND JEANNETTE BUCKLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buckley v. Commissioner
Docket No. 26343-92
United States Tax Court
T.C. Memo 1995-35; 1995 Tax Ct. Memo LEXIS 36; 69 T.C.M. (CCH) 1747; January 25, 1995, Filed *36 Decision will be entered for respondent in the amounts determined. For petitioners: Donald L. Sharpe. For respondent: John Aletta. PAJAK
PAJAK
MEMORANDUM OPINION PAJAK, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' 1985 Federal income tax in the amount of $ 6,297 and additions to tax of $ 1,575 under section 6651(a)(1), of $ 754 under section 6653(a)(1), and of 50 percent of the interest due on the underpayment of $ 6,297 attributable to negligence under section 6653(a)(2). In an amendment to answer, respondent increased the deficiency to $ 7,734 and increased the additions to tax under section 6653(a)(1) and (2), respectively, to $ 826 and to 50 percent of the interest due on the underpayment of $ 7,734 attributable to negligence. After concessions by petitioners before trial, the issues remaining for decision are: (1) Whether the period of limitations on the time prescribed for *37 assessment expired under section 6501(a); (2) whether petitioners are entitled to a deduction for a bad debt under section 166(a); (3) whether petitioners are entitled to a deduction for a nonbusiness bad debt under section 166(d); (4) whether petitioners are entitled to a deduction for a loss under section 165; (5) whether petitioners are liable for the addition to tax for failure to file their 1985 Federal income tax return timely under section 6651(a)(1); and (6) whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2). Some of the facts in the case have been stipulated and are so found. Petitioners resided in Fairfield, Connecticut, at the time they filed their petition. We have combined our findings of fact and opinion for clarity and convenience. Statute of Limitations
Petitioners allege that their 1985 Federal income tax return was filed on or about April 11, 1987. Alternatively, petitioners contend that their 1985 return was received by respondent in June 1988. The original 1985 Federal income tax return was received in evidence and was stamped "RECEIVED INTERNAL REVENUE SERVICE JUNE 01 1989 DISTRICT DIRECTOR-MANHATTAN *38 1320-31". After reviewing the original 1985 return at trial, the Court concluded that this return was received by the Internal Revenue Service in June 1989. Respondent's Service Center record, Form 4340, Certificate of Assessments and Payments, corroborated that the 1985 return was received by respondent on June 1, 1989. On February 10, 1992, petitioners signed a Form 872, Consent to Extend the Time to Assess Tax for 1985. Respondent's Appeals Office received this signed consent form on February 20, 1992. The Appeals Officer executed the consent form on February 21, 1992. This fully executed consent form extended the assessment date for petitioners' 1985 Federal income tax return to December 31, 1992. The notice of deficiency was mailed on August 28, 1992. Section 6501(a) provides in general that respondent must assess any tax deficiency within 3 years after the return was filed. Section 6501(c)(4) provides that before the expiration of time prescribed for assessment the parties may extend the assessment period by written agreement. We find that it is clear that petitioners' 1985 Federal income tax return was not filed on or about on April 11, 1987, as petitioners claim. *39 Rather, we find that petitioners' 1985 Federal income tax return was received by respondent on June 1, 1989. The parties timely consented to extend the assessment date to December 31, 1992. Therefore, the statutory notice mailed to petitioners on August 28, 1992, is timely. Petitioner's Partnership Capital Account
In 1972, petitioner John Buckley (petitioner) joined the law firm of Gifford, Woody, Palmer, and Serles (the partnership) as an attorney. Petitioner specializes in the area of securities law. Petitioner became a partner in the partnership in 1973. Petitioner withdrew from the partnership on January 31, 1984, and terminated his partnership interest in the partnership during 1984. Petitioner testified that his capital account in the partnership at the end of the fiscal year ended January 31, 1984, was in excess of $ 47,000. The source of any funds in petitioner's partnership capital account was part of his distributable share of the profits of the firm. The partnership's policies regarding retention of undistributed earnings, provisions for a capital account, and the payment of draws are set forth in the Partnership Agreement of Gifford, Woody, Palmer, and *40 Serles. The Partnership Agreement provides that as of the date of withdrawal by a partner all amounts on deposit in his capital account shall be paid by the firm to such withdrawn partner, as provided therein. Petitioner said that the partnership refused to pay him the entire amount of his capital account when he left the partnership because they were disturbed that some clients of the partnership became clients of petitioner rather than remaining as clients of the partnership. Petitioner assumed that about $ 26,000 of the $ 47,000 was debited to his capital account because it represented monies the partnership claimed were due to the partnership on account of disbursements the partnership made on behalf of clients that chose to be represented by petitioner. He claimed he had a balance of approximately $ 21,000 in his capital account. Petitioner stated that he retained an attorney to represent him and contact the partnership in an attempt to collect the balance in petitioner's capital account. Petitioner did not file a claim for arbitration even though the partnership agreement contained an arbitration clause. Petitioner claimed that he did not proceed with arbitration, on *41 the advice of counsel, because there was too much at risk in terms of claims and counterclaims, and it would result in emotion and expense. Petitioner never commenced any legal proceedings against the partnership or any of its partners. Petitioner and the partnership did not execute any loan agreements with regard to any funds provided to the partnership by petitioner. Petitioner testified that he considered the approximately $ 21,000 balance of his capital account to be an amount owed to him. He did not provide any written documentation corroborating the balance in his capital account. Petitioner also alleged that in 1985 he determined that the approximately $ 21,000 balance of his capital account would not be collectible. Petitioners claimed a bad debt deduction in the amount of $ 18,603.99 as a miscellaneous deduction on Schedule A attached to their 1985 Federal income tax return. Petitioner did not explain the difference between the alleged balance of $ 21,000 and the $ 18,603.99 claimed as a deduction on the return. In the notice of deficiency, respondent determined that the claimed bad debt deduction was not allowable as a business bad debt, but was allowable as a nonbusiness *42 bad debt. In the amended answer, respondent asserted that petitioners are not entitled to any bad debt deduction for 1985. During the trial, petitioners argued that they are entitled to a deduction for a loss pursuant to section 165. Respondent has the burden of proof on the issues of disallowance of the nonbusiness bad debt deduction and the related increases in additions to tax under section 6653(a)(1) and (2). Petitioner has the burden of proof on all other issues. Rule 142(a). A deduction for a bad debt which becomes worthless in the taxable year is allowed as a business bad debt under section 166(a) or as a nonbusiness bad debt under section 166(d). The deduction is allowed only for bona fide debts which arise from a debtor-creditor relationship which obligates the debtor to pay the taxpayer a fixed or determinable sum of money. A contribution to capital cannot be considered debt. Calumet Industries, Inc. v. Commissioner, 95 T.C. 257, 284 (1990); sec. 1.166-1(c), Income Tax Regs.
The balance of petitioner's capital account at the time he withdrew from the partnership was capital, not debt. Thus, we find that for 1985 petitioners are not *43 allowed a business bad debt deduction under section 166(a), and are not allowed a nonbusiness bad debt deduction under section 166(d). Section 165(a) provides that there shall be allowed as a deduction any loss sustained during the taxable year and not compensated by insurance or otherwise. Section 165(b) provides that the basis for determining the amount of the loss deduction shall be the adjusted basis in section 1011. The amount of the loss allowable as a deduction under section 165(a) shall not exceed the taxpayer's adjusted basis in the asset. Fisher v. Commissioner, T.C. Memo. 1986-141; sec. 1.165-1(c), Income Tax Regs. A taxpayer bears the burden to prove the amount of his basis. Millsap v. Commissioner, 46 T.C. 751, 760 (1966), affd. 387 F.2d 420 (8th Cir. 1968). A loss cannot be computed where the taxpayer's basis in the property is not proven. Id; Fisher v. Commissioner, supra.
Petitioner testified that his ending capital, after adjustments made by the partnership, was approximately $ 21,000. Petitioner, an attorney, failed to present *44 any corroborative evidence with regard to his basis in the partnership. We are not required to accept the self-serving testimony of petitioner as gospel. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We find that petitioners are not entitled any loss under section 165 because petitioner failed to prove his basis in the partnership. Additions To Tax
Section 6651(a)(1) provides for an addition to tax for failure to file a Federal income tax return by its due date determined with regard to any extension of time for filing, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Calendar year individual taxpayers must file their Federal income tax return by April 15 following the close of the calendar year. Sec. 6072(a). Petitioners do not contend that they timely filed their 1985 Federal income tax return. Nor did petitioners attempt to prove reasonable cause for their failure to file timely. We hold that petitioners are liable for the addition to tax under section 6651(a)(1). Section 6653(a)(1) provides for an addition to tax if any part of any underpayment is due to negligence or intentional disregard *45 of rules or regulations. Section 6653(a)(2) provides for a further addition to tax in the amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Petitioners did not address this issue during the trial nor on brief. On this record, we sustain respondent with respect to these determinations under section 6653(a)(1) and (2). Decision will be entered for respondent in the amounts determined.