# United States Court of Appeals for the Federal Circuit

2008-5107

CHARLES W. BASSING, III,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Patrick G. Dooher, Buchanan, Ingersoll & Rooney, PC, of Washington, DC, argued for plaintiff-appellant.

Carol Barthel, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Nathan J. Hochman, Assistant Attorney General, and Michael J. Haungs, Attorney.

Appealed from: United States Court of Federal Claims

Judge Thomas C. Wheeler

# United States Court of Appeals for the Federal Circuit

2008-5107

CHARLES W. BASSING, III,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims
in 06-CV-712, Judge Thomas C. Wheeler.

_____

DECIDED:  April 16, 2009
_____

Before BRYSON, LINN, and MOORE, <u>Circuit Judges.</u>

BRYSON, <u>Circuit Judge</u>.

The question presented in this income tax refund case is whether the release of one partner's obligation to restore a capital account deficit is a "partnership item," as that term is used in the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"), Pub. L. 97-248, 96 Stat. 324.  The Court of Federal Claims held that the release at issue in this case is most appropriately treated as a partnership item.  We agree, and we therefore affirm.

I

The 1110 Bonifant Limited Partnership was organized in 1985 under Maryland law for the purpose of developing an office building in Silver Spring, Maryland, to be held as an investment property. The partnership agreement named Richard S. Cohen and appellant Charles W. Bassing, III, as the two general partners. The two of them were also limited partners along with several other individuals and entities, including three family limited partnerships. The partnership maintained a capital account balance for each partner, which reflected each partner's contributions to the partnership, his allocation of the partnership's income, and his share of the partnership's expenditures and losses. The partnership agreement, as amended in 1988, provided that in the event of the partnership's liquidation, any partner with a negative capital account was obligated to restore the amount of the deficiency to the partnership.

In the late 1980's, the partnership became unable to satisfy its obligations. It subsequently entered into a settlement agreement with its principal creditor on February 1, 1991, and was treated as having liquidated as of that date. At that time, Mr. Bassing had a total negative capital account balance of $882,871 that he was obligated to restore to the partnership. Mr. Bassing was insolvent, however. As a consequence, when the partners entered into the settlement agreement with the partnership's creditor, they also entered into a separate agreement releasing Mr. Bassing from his obligations to the partnership. In that agreement, Mr. Bassing waived certain rights he had under the partnership agreement, as amended.

On April 15, 1992, Mr. Bassing filed his income tax return for the 1991 tax year. In that return, he treated the release from his deficit restoration obligation as a deemed

sale of his interests in the partnership, and he reported a long-term capital gain of $882,871 from that transaction. He reported tax due of $68,695 with respect to that return, but he did not pay any portion of that sum at that time.

Through the accumulation of interest and penalties, Mr. Bassing's tax obligation for 1991 rose to $152,539 by 2002. He paid that amount on April 8, 2002. Later that year, Mr. Bassing filed an amended return for 1991. In his amended return, he claimed that the release of his deficit restoration obligation should have been characterized as income from the cancellation of a debt rather than as income from a deemed sale, and that in light of his insolvency, most of the gain from that transaction should have been excluded from his gross income for 1991. The Internal Revenue Service denied his claim.

Mr. Bassing then filed this action in the Court of Federal Claims seeking a refund of his 2002 payment. The government responded that his action was barred by the operation of 26 U.S.C. § 7422(h), which prohibits refund actions attributable to "partnership items," as that term is defined by 26 U.S.C. § 6231(a)(3), except in limited circumstances not present in this case. Mr. Bassing replied that the release was not a "partnership item" under 26 U.S.C. § 6231(a)(3), but was an item that should be treated at the partner level, and that the bar of section 7422(h) therefore did not apply. The Court of Federal Claims agreed with the government that the release was a partnership item and that Mr. Bassing's claim was therefore barred. The court noted that the release "was signed by eight partners" and "was a comprehensive document that defined the partners' obligations to each other." The court concluded that it is "difficult to imagine an item more appropriate for treatment at the partnership level than the

release of one of the partner's financial obligations to the partnership," and it therefore granted the government's motion for summary judgment.

## II

On the merits of the underlying tax question, Mr. Bassing contends that the obligation to restore his capital account deficit should be treated as a debt, and the release of that obligation should be treated as a cancellation of debt rather than as a deemed sale. If the capital account deficit is treated as a debt, Mr. Bassing contends that most of the income he realized from the cancellation of that debt would be subject to 26 U.S.C. § 108(a)(1)(B), which provides that a discharge of indebtedness is not includible in gross income if the discharge occurs when, and to the extent that, the taxpayer is insolvent. See Halle v. Comm'r, 83 F.3d 649 (4th Cir. 1996).

Before we can reach the merits of the underlying tax issue, we must first determine whether the trial court properly characterized the release of Mr. Bassing's capital account restoration obligation as a partnership item and therefore correctly held that his refund action is barred by 26 U.S.C. § 7422(h). Mr. Bassing admits that his negative capital account balance was a partnership item. However, he contends that the treatment of his negative account balance for tax purposes is an item that should be determined at the partner level and that he is therefore free to recharacterize that obligation as a personal debt. The government argues that the characterization of the restoration obligation and the release of that obligation should both be regarded as partnership items, and that Mr. Bassing's argument that the restoration obligation and the release of that obligation should be regarded as partner-level items is contrary to the legislative framework for partnership taxation established by TEFRA.

Before TEFRA, the Internal Revenue Code treated partnership items such as the partnership's income, gain, loss, or credit at the individual partner level. The piecemeal nature of the individual partner level determinations frequently resulted in inconsistent treatment of the same items by different partners. See Monti v. United States, 223 F.3d 76, 78 (2d Cir. 2000). In TEFRA, Congress responded to that problem by creating a system in which items "more appropriately determined at the partnership level than at the partner level" would have their tax treatment established by the partnership rather than separately by individual partners. 26 U.S.C. § 6231(a)(3); see H.R. Conf. Rep. No. 97-760, at 599-600 (1982); see also Transpac Drilling Venture 1983-63 v. United States, 16 F.3d 383, 387 (Fed. Cir. 1994). TEFRA was enacted "in order that one proceeding would determine how partnership items would be reported on all partners' individual returns. TEFRA thus requires partners, on their individual tax returns, to treat partnership items consistently with the item's treatment on the partnership information return." Olson v. United States, 172 F.3d 1311, 1316 (Fed. Cir. 1999); see 26 U.S.C. § 6222(a); Treas. Reg. § 301.6222(a)-1(a).

Mr. Bassing's negative capital account balance of $882,871 was a partnership item because it represented an amount determined by the partnership under its capital account maintenance rules, which constituted an accounting practice adopted by the partnership and applicable to all the partners. See Treas. Reg. § 301.6231(a)(3)-1(b) (defining the term "partnership item" to include "the accounting practices and the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction, etc."). The release of that obligation was also a partnership item because it was necessary to determine

whether, under the partnership's capital account maintenance rules, the capital account deficit would be treated as an enforceable obligation, so that the release of that obligation would qualify as a cancellation of debt for the partnership. See Treas. Reg. § 301.6231(a)(3)-1(a)(1) (defining "partnership items" to include the "partnership aggregate and each partner's share of . . . [i]tems of income, gain, loss, deduction, or credit of the partnership").[1] Mr. Bassing's refund claim ultimately depended on the capital account deficit being characterized as a debt. Because, with exceptions inapplicable here, TEFRA provides that "the tax treatment of any partnership item . . . shall be determined at the partnership level," 26 U.S.C. § 6221, Mr. Bassing's refund claim was "attributable to partnership items" and his refund action was accordingly barred under 26 U.S.C. § 7422(h).

Mr. Bassing's argument that the release of his capital deficit restoration obligation is not a partnership item is premised on the assumption that treating his capital account deficit as a debt would either have no effect on the remaining partners or would have a readily ascertainable effect so that it is possible to determine the effects at the partner, rather than the partnership, level. According to Mr. Bassing's explanation, treating his capital account deficit as a debt "would have allowed Mr. Cohen, his co-general partner, to claim an $882,871 worthless debt deduction under § 166 because Mr. Cohen was the

---

[1] Absent an enforceable restoration obligation, it is likely that a partner's capital account deficit would not qualify as a debt. See Buckley v. Comm'r, 69 T.C.M. (CCH) 1747 (1995) (finding that balance in capital account was "capital" and not "debt"); Curran v. Comm'r, 47 T.C.M. (CCH) 1160 (1984) (finding that capital account deficit did not create a "bona fide debt" because partners did not contemplate "a specific unconditional written or oral promise to repay the amount"); Turner v. Comm'r, 19 T.C.M. (CCH) 1163 (1960) (finding that capital account deficit did not give rise to a debtor-creditor relationship).

Partnership's sole creditor . . . and would have received the entire $882,871 payable by Mr. Bassing in the absence of the 1991 Release Agreement."

In describing the effect of the treatment of his capital account deficit as a debt, Mr. Bassing appears to suggest that Mr. Cohen's worthless debt deduction would arise based on Mr. Cohen's status as a creditor rather than on his status as a partner. In fact, however, Mr. Bassing's obligation to restore the capital account deficit was an obligation to the partnership, not to Mr. Cohen personally, and thus was required by TEFRA to be treated as a partnership item. See Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) (defining, as partnership items, "Items of income, gain, loss, deduction, or credit of the partnership").

Mr. Bassing contends that while TEFRA requires similarly situated partners to treat particular items in the same way, that requirement does not apply here because he and Mr. Cohen are on different sides of the transaction: Mr. Cohen is in the role of a creditor and Mr. Bassing is in the role of a debtor, and as such they would necessarily treat the debt cancellation differently. For that reason, Mr. Bassing argues, the release is not the type of transaction that the partnership was required to accord a single characterization. Mr. Bassing contends that "the Government fails to present any convincing reason as to why the Partnership's presumed realization of a loss . . . dictates the treatment of the income realized by Mr. Bassing." Mr. Bassing suggests that whether the debt release is treated as a private transaction between Mr. Cohen and Mr. Bassing or instead as a transaction involving the partnership, the ultimate effect is the same. The consistent theme in his arguments is that the change in characterization from a deemed sale to a cancellation of debt affects only him and is therefore properly treated at the partner level.

TEFRA's mandate that partners treat the same items consistently applies not only to similarly situated partners, but also to differently situated partners. While Mr. Bassing and Mr. Cohen were in different positions with respect to the capital account transaction, TEFRA requires and ensures that the item will be treated consistently by all partners who are affected by it. 26 U.S.C. § 6222(a). Because a decision about whether to characterize a transaction as the cancellation of debt or as a deemed sale can have tax implications for all of the partners in a partnership, it is "more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3).[2]

While allowing Mr. Cohen and Mr. Bassing to characterize the same transaction differently might not have any tax consequences on the facts of this case, Congress clearly wanted to avoid the risk of such disparate treatment when it enacted TEFRA. The TEFRA regulations explicitly deal with this problem by providing that both the amount of a capital account and the "character of an amount" of a capital account are partnership items. Treas. Reg. § 301.6231(a)(3)-1(a)(4). Under that regulation, in order for Mr. Bassing to prevail on his claim that the release in this case should be treated as a cancellation of debt rather than as a deemed sale of his partnership interest, he would have to show that the item should have been treated as a cancellation of debt at the partnership level. However, any attempt to make that showing in the present refund action is foreclosed by 26 U.S.C. § 7422(h), which prohibits an action from being

---

[2] In this case, the partnership made no determination as to the character of the release, but left that matter to the individual partners. The requirements of TEFRA cannot be so easily avoided, however; the TEFRA regulations state that "failure by the partnership to make a determination [as to a partnership item] does not prevent an item from being a partnership item." Treas. Reg. § 301.6231(a)(3)-1(c)(1).

brought "for a refund attributable to partnership items." The Court of Federal Claims therefore properly dismissed Mr. Bassing's refund action for lack of jurisdiction.

<u>AFFIRMED</u>.