T.C. Memo. 2011-222

UNITED STATES TAX COURT

HAN KOOK LLC I-I, HAN KOOK LLC II-I, CHENERY CAPITAL MANAGEMENT
INC., AND CHENERY MANAGEMENT INC., PARTNERS OTHER THAN THE TAX
MATTERS PARTNER, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17139-10.                     Filed September 19, 2011.

Roy E. Hahn (an officer), for petitioners.

Trent D. Usitalo, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioners, as partners other than the tax
matters partner, filed a petition for readjustment of partnership
items under section 6226(b).[1]  This case is before the Court on

---

[1]Section references are to the applicable version of the
(continued...)

respondent's motion to dismiss for lack of jurisdiction on the ground that the petition for readjustment was not filed within the time prescribed by section 6226(b)(1) or 7502. Petitioners object to respondent's motion and counter that the petition in this case was timely filed. We will grant respondent's motion.

## Background

On January 25, 2010, respondent issued a notice of final partnership administrative adjustment (FPAA) by certified mail to the general (unnamed) tax matters partner of Han Kook LLC I-I for the taxable years ended December 17 and 31, 2001. Among the adjustments proposed in the FPAA was the disallowance of $40,408,731 in losses claimed by Han Kook LLC I-I. The FPAA was mailed to addresses in San Francisco, California, and Newport Beach, California.

On March 2, 2010, respondent sent a copy of the FPAA to petitioner Chenery Management Inc. (Chenery). The FPAA informed Chenery that respondent had mailed the FPAA to the tax matters partner on January 25, 2010, and stated that a petition for readjustment filed by a partner other than the tax matters partner must be filed on or before the 150th day from the date the FPAA was mailed to the tax matters partner. The FPAA advised Chenery that "You may wish to contact the * * * [tax matters partner] of the partnership * * * to discuss this matter." The

---

[1](...continued)
Internal Revenue Code.

copy of the FPAA was mailed to Chenery at the same address in San Francisco, California, that respondent used in mailing the FPAA to the tax matters partner.

Petitioners mailed a petition for readjustment by private delivery service on July 27, 2010, and the Court filed that petition on July 29, 2010. Respondent filed a motion to dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed. Respondent supports his motion with a Postal Service Form 3877 which indicates that the FPAA was sent to the tax matters partner by certified mail on January 25, 2010. Petitioners filed an objection to respondent's motion and allege therein that the FPAA was neither delivered to nor received by the tax matters partner. Petitioners do not assert, however, that the FPAA was not mailed to either the tax matters partner's or the notice partner's correct address. Respondent filed a response to petitioners' objection.

## Discussion

Our jurisdiction to review adjustments related to an FPAA is limited by section 6226. See sec. 6226(f). Pursuant to section 6226(a), the tax matters partner has 90 days to file a petition for readjustment of partnership items. PCMG Trading Partners XX, L.P. v. Commissioner, 131 T.C. 206, 207 (2008). Where the tax matters partner does not timely file such a petition, section 6226(b)(1) allows any "notice partner" and any "5-percent group" to file a petition for readjustment of partnership items within

60 days after the close of the 90-day period described in section 6226(a). Section 6231(a)(8) generally defines a notice partner as one who is entitled to notice under section 6223(a); that is, any partner in a partnership with 100 or fewer partners, and a partner with a 1-percent or greater profits interest in a partnership with more than 100 partners. Barbados #6 Ltd. v. Commissioner, 85 T.C. 900, 904 (1985). Section 6231(a)(11) defines a 5-percent group as a group of partners who, for the partnership taxable year involved, had profits interests which aggregated 5 percent or more, measured as of the close of the partnership's taxable year. See sec. 301.6231(d)-1(a), Proced. & Admin. Regs.

Petitioners assert that because the FPAA was allegedly not delivered to nor received by the tax matters partner, the subsequent 60-day period of section 6226(b)(1) did not begin to run until the copy of the FPAA was sent on March 2, 2010. Though they do not do so explicitly, petitioners essentially argue that the FPAA mailed to the tax matters partner was invalid. We disagree. The validity of a properly mailed FPAA is not contingent upon actual receipt by the tax matters partner. See Crowell v. Commissioner, 102 T.C. 683, 692 (1994) (citing Yusko v. Commissioner, 89 T.C. 806, 810 (1987)). An FPAA is legally sufficient if, in addition to providing adequate notice to the taxpayer that respondent has determined adjustments to the

partnership return, it is mailed to the address shown on the partnership tax return or to an address furnished to the Commissioner by the tax matters partner or any other person in accordance with regulations prescribed by the Commissioner. See sec. 6223(c); Triangle Investors Ltd. Pship. v. Commissioner, 95 T.C. 610, 613 (1990); see also Sirrine Bldg. No. 1 v. Commissioner, T.C. Memo. 1995-185 ("The FPAA is to the litigation of partnership items the equivalent of the statutory notice of deficiency in other cases."), affd. without published opinion 117 F.3d 1417 (5th Cir. 1997).

Respondent mailed a copy of the FPAA to Chenery on March 2, 2011, and petitioners do not dispute that they received it. The FPAA notified Chenery that respondent had mailed the original FPAA to the tax matters partner on January 25, 2010. It provided detailed instructions on the period within which partners other than the tax matters partner could request judicial review of the proposed adjustments. It also advised Chenery to contact the tax matters partner with respect to the proposed adjustments. Given that the original and the copy of the FPAA were mailed to the same address, we find it doubtful that the original FPAA was not received by the tax matters partner. In that regard, respondent submitted a Postal Service Form 3877 as proof that the FPAA was sent to the tax matters partner on January 25, 2010. That form is prima facie evidence that the FPAA was delivered to the tax

matters partner.  See sec. 7502(c)(2).  Regardless of whether the tax matters partner complied with its obligation to inform petitioners of the administrative proceedings, see sec. 6223(g), we are satisfied that almost 2 months' notice within which petitioners could have filed a petition with this Court was ample time for petitioners to protect their interests, see Triangle Investors Ltd. Pship. v. Commissioner, supra at 616-617 (notice partner received copy of FPAA with ample time to file a timely petition).

The FPAA was mailed to the tax matters partner for Han Kook LLC I-I on January 25, 2010.  The 90-day period following the mailing of the FPAA within which the tax matters partner could file a petition for readjustment of partnership items expired on April 25, 2010, a Sunday, and was thus extended 1 day to April 26, 2010.  See sec. 6226(a).  The subsequent 60-day period during which any notice partner and any 5-percent group could file a petition for readjustment of partnership items expired on June 24, 2010.  See sec. 6226(b)(1).  Petitioners mailed their petition for readjustment on July 27, 2010, 33 days after the expiration of the subsequent 60-day period.  Because the petition was not mailed within the prescribed 60-day period, section 7502 is inapplicable.  See sec. 7502(a)(1) (treating a timely mailed document as timely filed only if the postmark date falls within the prescribed period for filing).  Thus, we treat the petition

as being filed on July 29, 2010, 185 days after the FPAA was mailed to the tax matters partner, and 35 days after the expiration of the subsequent 60-day period.

Petitioners did not mail the petition within the 60-day period prescribed by section 6226(b)(1). This Court therefore lacks jurisdiction over this partnership-level proceeding, and we are required to grant respondent's motion to dismiss for lack of jurisdiction.

To reflect the foregoing,

An appropriate order of dismissal will be entered.