T.C. Memo. 2013-202

UNITED STATES TAX COURT

BIOMAGE, LLC, FRONT ROW ENTERPRISES LLC, TAX MATTERS
PARTNER, Petitioner v. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 26862-10.                          Filed August 28, 2013.

Kenneth S. Sussmane, for petitioner.

Alex Shlivko and Gerard Mackey, for respondent.

MEMORANDUM OPINION

THORNTON, Chief Judge:  This is a partnership-level proceeding under

the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No.

[*2] 97-248, sec. 402(a), 96 Stat. at 648.[1] Biomage, LLC (Biomage), is the TEFRA partnership. Front Row Enterprises, LLC (petitioner), is Biomage's tax matters partner (TMP).

This case is currently before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not filed timely. Petitioner objects to respondent's motion, asserting primarily that the Internal Revenue Service (IRS) failed to mail, and that petitioner never received, a notice of final partnership administrative adjustment (FPAA) relating to Biomage's 2005 taxable year (subject year). Petitioner asserts alternatively that if the IRS did mail such an FPAA to petitioner, then the petition was filed timely. As to this alternative argument, petitioner asserts that it filed the petition as a partner other than the TMP within 150 days of the day that the IRS mailed petitioner a notice partner copy of the FPAA.

We hold that the IRS mailed an FPAA to petitioner and that petitioner failed to challenge the FPAA timely. We will grant respondent's motion to dismiss for lack of jurisdiction.

---

[1]Subsequent section references are to the applicable versions of the Internal Revenue Code, unless otherwise indicated.

[*3]                              Background

I.  Introduction

Neither party requested a hearing as to respondent's motion, and we conclude that a hearing is not necessary to decide the motion.  For the sole purpose of deciding the motion, we draw the following background information primarily from the uncontroverted statements in the filings related to the motion.

II.  Background Information

A.  Biomage and Petitioner

Biomage and petitioner are limited liability companies.  Petitioner alleged in the petition that Biomage's principal place of business is in Florida.

B.  Biomage's 2005 Tax Return

Biomage filed a Form 1065, U.S. Return of Partnership Income, for 2005 (2005 return).  Biomage reported on the 2005 return that it had designated petitioner as its TMP for 2005 and that petitioner's address was "9100 S. Dadeland Blvd, Suite 2007, Miami, FL 33156".  Biomage also reported that it had five partners, one of whom was petitioner, and that petitioner had a 60% interest in Biomage's profit, loss, and capital and an address of "9100 S. Dadeland Blvd, Suite 2007, Miami, FL 33156".

[*4]   C.  Issuance of FPAAs

On June 4, 2010, the IRS separately mailed (by certified mail) three copies

of an FPAA (June FPAA) from a U.S. Post Office (the Peachtree Center Station)

in Atlanta, Georgia.[2]  The first copy had a tracking number of 7009 3410 0002

2316 8857 and was mailed to the following address:[3]

> Front Row Enterprises LLC
> Tax Matters Partner for Biomage LLC
> 13691 Deering Bay Drive
> Coral Gables, Florida 33158

A second copy had a tracking number of 7009 3410 0002 2316 8840 and was

mailed to the following address:

> Front Row Enterprises LLC
> Tax Matters Partner for Biomage LLC
> 9100 South Dadeland Boulevard, Suite 207
> Miami, Florida 33156

A third copy had a tracking number of 7009 3410 0002 2316 8833 and was mailed

to the following address:

> Tax Matters Partner for Biomage LLC
> 9100 South Dadeland Boulevard, Suite 207
> Miami, Florida 33156

---

[2]One copy (first copy), unlike the two other copies, was accompanied by seven pages that set forth and described the adjustments.

[3]The listed address is the home address of Jeffrey B. Sussmane, who is petitioner's sole manager and member.

**[*5]** The U.S. Postal Service (USPS) delivered the first copy on June 16, 2010.

The  USPS returned undelivered the other two copies to the IRS on June 22, 2010.

On July 6, 2010, the IRS separately mailed (by certified mail) from a U.S.

post office in Holtsville, New York, a notice partner copy of the June FPAA

(notice partner copy) to each of Biomage's notice partners (including petitioner in

its capacity as a notice partner of Biomage).  The notice partner copy sent to

petitioner was dated July 5, 2010, and set forth all of the final administrative

adjustments set forth in the June FPAA.  The contact information and a few other

minor items shown on the face of each document were different, as was the

signatory of the respective documents.  The notice partner copy did not include a

copy of a statement for the TMP, as was attached to the June FPAA, and a few of

the seven pages that were attached to the first copy of the June FPAA.

The notice partner copy states that the FPAA was mailed to the TMP on

June 4, 2010; that the TMP (and only the TMP) could within 90 days file a

petition in this Court, in the U.S. Court of Claims, or in the appropriate U.S.

District Court; and that if the TMP did not file a petition within 90 days of the day

that the FPAA was mailed, then any notice partner or 5% group could file a

petition in one of the referenced Courts after the 90th day but on or before the

150th day after the day that the FPAA was mailed to the TMP.  The notice partner

**[*6]** copy that was mailed to petitioner had a tracking number of 7103 9167 4403 5034 6199 and was mailed to the following address:

> Front Row Enterprises LLC
> 13691 Deering Bay Dr
> Coral Gables, FL 33158-2805915

The notice partner copy that was mailed to petitioner was delivered on July 12, 2010.

D. Filing of Petition

On December 6, 2010, petitioner petitioned the Court to readjust partnership items set forth in the notice partner copy of the FPAA. The December 6, 2010, filing date is 185 days after the day that the copies of the June FPAA were mailed. Petitioner's copy of the notice partner copy was attached to the petition. The envelope in which the petition was mailed is postmarked November 30, 2010, which is 179 days after the day that the copies of the June FPAA were mailed.

Discussion

Petitioner seeks to commence this case as a partnership-level proceeding under TEFRA. The Court's jurisdiction over a TEFRA partnership-level proceeding is invoked upon the IRS' mailing of a valid FPAA and the proper filing of a petition for readjustment of partnership items for the year or years to which the FPAA pertains. See Harbor Cove Marina Partners P'ship v.

[*7] <u>Commissioner</u>, 123 T.C. 64, 78 (2004). Jurisdiction must be shown affirmatively, and petitioner, as the party seeking to invoke our jurisdiction over this case, bears the burden of proving that we have the requisite jurisdiction. <u>See</u> <u>David Dung Le, M.D., Inc. v. Commissioner</u>, 114 T.C. 268, 270 (2000), <u>aff'd</u>, 22 Fed. Appx. 837 (9th Cir. 2001). In order to meet its burden, petitioner must establish affirmatively all facts giving rise to our jurisdiction. <u>See id.</u> One fact that petitioner must affirmatively establish is that it timely filed a petition with respect to the FPAA.

A TMP generally has 90 days after the mailing of a valid FPAA to file a petition for readjustment of the partnership items covered by the FPAA. <u>See</u> sec. 6226(a); <u>Wise Guys Holdings, LLC v. Commissioner</u>, 140 T.C. __, __ (slip op. at 6) (Apr. 22, 2013) ; <u>see also</u> <u>Monahan v. Commissioner</u>, 321 F.3d 1063, 1065 (11th Cir. 2003), <u>aff'g</u> T.C. Memo. 2002-52; <u>Davenport Recycling Assocs. v. Commissioner</u>, 220 F.3d 1255, 1257 n.5 (11th Cir. 2000), <u>aff'g</u> T.C. Memo. 1998-347. If the TMP does not timely file such a petition within that 90-day period, then any "notice partner" or "5-percent group" may file a petition for readjustment of the partnership items within the 60-day period that follows the close of the 90-day period. <u>See</u> sec. 6226(b)(1); <u>Wise Guys Holdings, LLC v. Commissioner</u>, 140 T.C. at __ (slip op. at 6-7); <u>see also</u> <u>Davenport Recycling Assocs. v.</u>

[*8] Commissioner, 220 F.3d at 1257 n.5. See generally sec. 6231(a)(8), (11) (respectively defining the terms "notice partner" and "5-percent group"). The Court lacks jurisdiction to decide a TEFRA proceeding that is commenced after the 150-day period consisting of the just-mentioned 90-day and 60-day periods. See Wise Guys Holdings, LLC v. Commissioner, 140 T.C. at __ (slip op. at 7); Barbados #6, Ltd. v. Commissioner, 85 T.C. 900 (1985).

The IRS was required to notify Biomage's TMP of any final partnership administrative adjustment resulting from the IRS' audit for the subject year. See sec. 6223(a). The IRS mailed the three copies of the June FPAA to petitioner in its capacity as Biomage's TMP to comply with this requirement. The IRS also was required within 60 days after the day on which the IRS mailed the notification to Biomage's TMP to notify Biomage's notice partners of the final partnership administrative adjustments. See sec. 6223(a), (d)(2); see also sec. 6231(a)(8). The IRS mailed the notice partner copy to Biomage's notice partners (one of whom was petitioner) to comply with that requirement.[4]

---

[4]The IRS is precluded from mailing to a partner a second FPAA for a taxable year absent fraud, malfeasance, or misrepresentation of a material fact. See sec. 6223(f); Wise Guys Holdings, LLC v. Commissioner, 140 T.C. __, __ (slip op. at 7) (Apr. 22, 2013). Petitioner does not claim that the IRS' mailing of the notice partner copy to petitioner was attributable to fraud, malfeasance, or misrepresentation of a material fact, and we consider petitioner to have waived any

(continued...)

**[\*9]**  Petitioner asserts that it never received the June FPAA, and petitioner attached to its opposition to respondent's motion Mr. Sussmane's declaration stating the same.  Petitioner asks the Court to conclude that respondent never mailed the June FPAA.  We decline to do so.  The record contains a USPS Form 3877 (Form 3877), stamped "Peachtree Center Station" "June 4, 2010", showing that the IRS on June 4, 2010, mailed an FPAA to each addressee and at the corresponding address as stated above.  This form raises a presumption of official regularity which, absent contrary evidence, establishes that the IRS mailed an FPAA to each of the listed addressees at the corresponding listed address.  See Hoyle v. Commissioner, 136 T.C. 463, 468 (2011); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990); see also Han Kook LLC I-D v. Commissioner, T.C. Memo. 2011-223, 102 T.C.M. (CCH) 258, 259.[5]  That presumption of mailing is especially strong here with respect to the FPAA mailed to petitioner at Mr.

---

[4](...continued)
such claim.  Cf. Mendes v. Commissioner, 121 T.C. 308, 312-313 (2003).

[5]While some of the cases cited herein relate to a notice of deficiency rather than to an FPAA, the notice of deficiency cases apply with equal force to cases involving the mailing of an FPAA.  See Clovis I v. Commissioner, 88 T.C. 980, 982 (1987); see also Sealy Power, Ltd. v. Commissioner, 46 F.3d 382, 385-386 (5th Cir. 1995), aff'g in part, rev'g and remanding in part on another issue T.C. Memo. 1992-168.

[*10] Sussmane's home address, given that the USPS also reported that the mailing was timely delivered.

Petitioner observes that the Form 3877 lists the tracking number of each of the listed FPAAs under the heading "Notice of Deficiency for the Years Indicated Has Been Sent to the Following Named Taxpayer(s)" and states that each FPAA relates to the "tax year ending December 31, 2003". Petitioner concludes that the mailed FPAAs referenced in the Form 3877 related to 2003 and not to 2005. We see things differently. We give little weight to the fact that the Form 3877 reports that each of the three mailed documents was an FPAA for 2003 and does so under a heading that refers to deficiency notices rather than to FPAAs. The Form 3877 shows that respondent mailed two FPAAs to petitioner at an address that the 2005 return reports is petitioner's address and mailed a third FPAA to petitioner at an address that is Mr. Sussmane's home address. In addition, the tracking numbers listed on the Form 3877 correspond to the tracking numbers for the three copies of the June FPAA. We also note that the record includes a declaration of the IRS contact person listed on the June FPAA, averring that she works for the IRS as a TEFRA Coordinator, that she prepared the Form 3877 and the three copies of the June FPAA, that the June FPAA pertained to the subject year, and that she incorrectly entered "2003" instead of "2005" on the Form 3877. She also averred

**[*11]** in her declaration that the IRS never issued Biomage an FPAA for its 2003 taxable year.

Petitioner (through Mr. Sussmane's declaration) claims that it never received an FPAA for the subject year. The validity of an FPAA, however, rests on its proper mailing without any consideration of its actual receipt, see <u>Crowell v. Commissioner</u>, 102 T.C. 683, 692 (1994) (noting that an FPAA may be properly mailed even if it is not actually received by either the TMP or a notice partner), and proper mailing in this context generally required that the IRS mail the June FPAA to petitioner at its address as shown on the 2005 return, <u>see</u> sec. 6223(a), (c)(1).[6] Given that respondent mailed two copies of the June FPAA to petitioner at its address as shown on the 2005 return, we conclude that the proper mailing requirement was met as to the June FPAA whether or not petitioner actually received it.[7]

---

[6]Petitioner makes no claim that it properly supplied the IRS with the information necessary to trigger any requirement under sec. 6223(c)(1) and (2) that the IRS mail an FPAA to an address other than that shown on the partnership return.

[7]The IRS' mailing of the first copy of the June FPAA to Mr. Sussmane's address, which was not listed on the partnership return, also appears to be a proper mailing in that the IRS apparently obtained that address from available information that it possessed. Sec. 301.6223(c)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987) (stating that the Commissioner may, but

(continued...)

**[*12]** Petitioner asserts alternatively that if the IRS mailed an FPAA to petitioner, then the petition was filed timely as to the notice partner copy so as to invoke the Court's jurisdiction. To that end, petitioner contends that it filed the petition as a partner other than the TMP within 150 days of the day that the IRS mailed petitioner the notice partner copy in its capacity as a notice partner of Biomage. We disagree with petitioner as to its understanding of the 150-day petitioning period (i.e., 90 days for the TMP plus 60 days for notice partners). Contrary to petitioner's suggestion that the period begins on the day that the notice partner copy was mailed to petitioner, section 6226(a) and (b) requires that the count begin on the day that the FPAA was mailed to the TMP. See Han Kook LLC I-D v. Commissioner, 102 T.C.M. (CCH) at 259. The count, therefore, began on June 4, 2010, and petitioner's petition was untimely.

---

[7](...continued)
is not required to, use other readily available information possessed by him to meet the notification requirement of sec. 6223(a)); see also sec. 6223(c)(2).

**[\*13]** We will grant respondent's motion to dismiss this case for lack of jurisdiction. We have considered all arguments, and to the extent not discussed, we have rejected those arguments as without merit. To reflect the foregoing,

<u>An appropriate order of dismissal for lack of jurisdiction will be entered</u>.