142 T.C. No. 18

UNITED STATES TAX COURT

ISRAEL GREENWALD AND RUTH GREENWALD, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 29126-11, 29244-11,       Filed May 21, 2014.
3203-12,  3212-12,
3213-12,  3215-12,
3216-12,  3217-12,
3218-12.

       Ps owned interests in bona fide partnerships that were subject
to the tax audit and litigation procedures of I.R.C. secs. 6221-6234.
The partnerships liquidated, and the partnership items for the year of
liquidation were determined in partnership-level proceedings.
Following those proceedings, R issued notices of deficiency

---

[1]Cases of the following petitioners are consolidated herewith: Brian
Auchter and Nancy Auchter, docket No. 29244-11; Paul H. Hildebrandt and Judith
A. Hildebrandt, docket No. 3203-12; Michael Cohen and Susan Cohen, docket No.
3212-12; Bernard J. Sachs and Joan K. Sachs, docket No. 3213-12; David Kraus
and Susan Kraus, docket No. 3215-12; Jonathan L. Levine and Sarah S. Levine,
docket No. 3216-12; John A. Hildebrandt and Jean E. Hildebrandt, docket No.
3217-12; and David S. Marsden and Rosemary Marsden, docket No. 3218-12.

determining the partners' gain on liquidation of the partnerships.  Ps filed petitions in response to those notices of deficiency and later moved to dismiss for lack of jurisdiction, arguing that outside basis is a partnership item that should have been determined at the partnership level and that the notices of deficiency are invalid.

Held:  Gain or loss on the disposition of a bona fide partnership interest is an affected item that requires partner-level determinations if the amount of that gain or loss could be affected by a partner-level determination.

Peter L. Banis, for petitioners.

Nina P. Ching, for respondent.

OPINION

BUCH, Judge:  These cases involve affected items deficiency proceedings that follow from previous partnership-level proceedings in this Court.[2]  Petitioners filed a motion to dismiss for lack of subject matter jurisdiction, and their argument is that outside basis is a partnership item that had to be raised and determined in the prior partnership-level proceedings.  Respondent argues that this Court has jurisdiction because outside basis is an affected item that requires partner-level

[2]Regency Plaza Assocs. of N.J. v. Commissioner, docket Nos. 7150-08 and 7197-08 (decision entered June 30, 2010).

determinations. Both parties, however, miss the mark. In these partner-level affected items proceedings, we have jurisdiction to redetermine the amounts of any deficiencies attributable to affected items that require partner-level determinations. Because partner-level determinations are required, we have jurisdiction to redetermine the deficiencies at issue.

Background

Petitioners in these consolidated cases resided in the following locations at the time the petitions were filed: the Greenwalds, docket No. 29126-11, lived in New York; the Auchters, docket No. 29244-11, lived in New Jersey; Paul and Judith Hildebrandt, docket No. 3203-12, lived in New Jersey; the Cohens, docket No. 3212-12, lived in New York; the Sachses, docket No. 3213-12, lived in Maryland; the Krauses, docket No. 3215-12, lived in New York; the Levines, docket No. 3216-12, lived in New Jersey; John and Jean Hildebrandt, docket No. 3217-12, lived in New Jersey; and the Marsdens, docket No. 3218-12, lived in New Jersey.

In laying out the facts, we focus on the Greenwalds.[3]

---

[3]This case has been consolidated with eight other cases. One of the other cases involves Regency Plaza, and the others involve a separate partnership, Prince Manor Apartment Associates. Irrespective of the differing entities and petitioners, the dispositive facts are similar in all of the cases.

Mr. Greenwald was a limited partner in Regency Plaza Associates of New Jersey (Regency Plaza). Regency Plaza was subject to the unified partnership audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648. The partnership was involved in an apartment project that was managed by Republic Management, Inc., which also managed 14 other apartment projects insured by the Department of Housing and Urban Development. As a result of a transfer of a partnership interest, Regency Plaza attached a section 754[4] election to its 1995 Form 1065, U.S. Return of Partnership Income, which neither side claims was revoked.

In 1996 Regency Plaza petitioned the U.S. Bankruptcy Court for the District of Massachusetts, Western Division, for relief under chapter 11. Just over a year after the petition was filed, the Circuit Court of the Sixth Judicial Circuit in and for Duval County, Florida, entered a final judgment of foreclosure. The partnership owned property that was subject to a mortgage in favor of Beal Bank, S.S.B, which mortgage was security for a nonrecourse debt against property owned by Regency Plaza. This judgment allowed Beal Bank to foreclose its mortgage. Regency Plaza terminated on July 31, 1997.

---

[4]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Because Regency Plaza had failed to file any tax returns after filing its return for 1995, the Internal Revenue Service prepared substitute Forms 1065 on Regency Plaza's behalf for the 1996 and 1997 taxable years using the 1995 return. On October 15, 2007, the IRS issued a notice of final partnership administrative adjustment (FPAA) to Regency Plaza for its taxable years ending December 31, 1996, and July 31, 1997. In response to the FPAA, Brian and Nancy Auchter, partners other than the tax matters partner, filed petitions in the Tax Court.[5] Mr. Greenwald filed notices of election to participate in both cases. He also filed motions to have himself appointed the tax matters partner. The Court granted these motions. The cases were consolidated and later settled.

After the conclusion of the TEFRA proceeding respondent sent the Greenwalds a notice of computational adjustment pertaining to Regency Plaza's 1996 and 1997 taxable years. Four days later, on September 23, 2011, respondent issued a notice of deficiency to the Greenwalds for their 1997 taxable year. The notice of deficiency made an adjustment to the Greenwalds' long-term capital gain and made other corresponding adjustments. The IRS included a spreadsheet with the notice of deficiency explaining how it had calculated the Greenwalds' long-term capital gain. The spreadsheet refers to information taken from Regency

[5]See supra note 2.

Plaza's 1996 and 1997 Forms 1065 and the 1997 Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for Mr. Greenwald. Again, the Forms 1065 were prepared by respondent on behalf of Regency Plaza, as was the Schedule K-1. After the notice of deficiency was issued, respondent revised the initial computational adjustments to allow for a rental real estate loss and a passive activity loss using information provided by the Greenwalds. The modified computational adjustments increased the Greenwalds' deficiency by $42; however, respondent seeks only to enforce the deficiency as set forth in the original notice.

These cases were calendared for trial at the Court's trial session in Boston, Massachusetts. At the calendar call the parties moved to submit the cases under Rule 122. However, the Greenwalds (through their counsel) also stated that they wanted to submit additional evidence. The cases were recalled, and the Greenwalds explained that the evidence was documents from the attorney who represented another partnership and general partner in a criminal action by the United States for equity skimming with respect to Regency Plaza. Respondent objected to the documents because they were not relevant and because they had not been provided to respondent until the morning of the scheduled trial. To avoid a continuance, the Greenwalds withdrew the documents. Accordingly, these cases were submitted under Rule 122 and a briefing schedule was established. After the

Greenwalds submitted their opening brief, they filed their motion to dismiss. As a result, the briefing schedule was suspended, and the Court now turns to the jurisdictional question.

## Discussion

### I. Partnership and TEFRA Overview

Partnerships are passthrough entities and, as such, are not responsible for paying Federal income tax. Instead, the partners report their shares of the partnership items on their own income tax returns. Sec. 701. Although the partnership does not file an annual income tax return, it must file an annual information return that identifies each partner's share of income, deductions, and other tax items. Sec. 6031(a).

Congress passed TEFRA over 30 years ago. TEFRA's unified audit and litigation procedures were enacted to alleviate the administrative burden caused by duplicative audits and litigation. Samueli v. Commissioner, 132 T.C. 336, 340 (2009). A goal of TEFRA was to "promote increased compliance and more efficient administration of the tax laws." H.R. Conf. Rept. No. 97-760, at 600 (1982), 1982-2 C.B. 600, 662.

Section 6221 provides that the tax treatment of all "partnership items" is determined at the partnership level. The Secretary must mail each notice partner

whose name and address is furnished a notice of the beginning of an administrative partnership-level proceeding and an FPAA. Sec. 6223(a). The determination of partnership items in a partnership-level proceeding (either through a defaulted FPAA or a final court decision) is conclusive.[6] Once adjustments are made at the partnership level, the IRS will make any necessary partner-level changes, including changes to "affected items". If the adjustment to an affected item is merely computational and can be made without making additional partner-level determinations, the IRS can directly assess the tax due without having to follow the usual deficiency procedures. Sec. 6230(a)(1); sec. 301.6231(a)(6)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).[7] However, if an adjustment to an affected item requires a partner-level factual determination, the IRS must follow deficiency procedures. Sec. 6230(a)(2)(A)(i); sec.

---

[6]Except in limited circumstances, refund suits for adjustments attributable to partnership items are not permitted. Sec. 7422(h). And even then, any prior partnership item determination is conclusive. Sec. 6230(c)(4); see also New Millennium Trading, L.L.C. v. Commissioner, 131 T.C. 275, 280 (2008).

[7]This rule is now set forth in permanent regulations at sec. 301.6231(a)(6)-1(a)(2), Proced. & Admin. Regs. which apply to taxable years beginning on or after October 4, 2001. Sec. 301.6231(a)(6)-1(c), Proced. & Admin. Regs.

301.6231(a)(6)-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6779 (Mar. 5, 1987).[8]

## II. Partnership Items

A partner's basis in his partnership interest is an affected item to the extent it is not a partnership item.  Sec. 301.6231(a)(5)-1T(b), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6790 (Mar. 5, 1987).[9]  A partnership item is "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A [Income Taxes] to the extent [the] regulations * * * provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level."  Sec. 6231(a)(3).  The "critical element" is that the partnership is required to make the determination.  Sec. 301.6231(a)(3)-1(c)(1), Proced. & Admin. Regs.  The failure of the partnership to actually make the determination does not prevent an item from being a partnership item.  Id.

Partnerships do not keep track of the partners' outside bases, but they may be required to take a partner's outside basis into account in some situations.  For

---

[8]This rule is now set forth in permanent regulations at sec. 301.6231(a)(6)-1(a)(3), Proced. & Admin. Regs. which apply to taxable years beginning on or after October 4, 2001.  Sec. 301.6231(a)(6)-1(c), Proced. & Admin. Regs.

[9]Permanent regulations replaced the temporary regulations for taxable years beginning on or after October 4, 2001.  Sec. 301.6231(a)(5)-1(f), Proced. & Admin. Regs.

example, when a partner purchases an interest in a partnership, the partnership may elect under section 754 to make optional adjustments to the basis of partnership property. If such an election is made, the partner's initial basis in the partnership is a partnership item. Sec. 301.6231(a)(3)-1(a)(3), Proced. & Admin. Regs. However, if the election is not made, the partnership is not required to determine the partner's initial outside basis. Tigers Eye Trading, LLC v. Commissioner, 138 T.C. 67, 117 (2012). Accordingly, a partner's outside basis generally would be an affected item. Sec. 6231(a)(3); see Tigers Eye Trading, LLC v. Commissioner, 138 T.C. at 117.

III. Jurisdiction

The Tax Court is a court of limited jurisdiction and can exercise jurisdiction only to the extent provided by statute. Sec. 7442. Section 6214(a) provides the Court with jurisdiction to redetermine the correct amount of a deficiency as long as the taxpayer files a timely petition from a valid notice of deficiency. Sec. 6213(a). While the deficiency procedures generally do not need to be followed so as to determine affected items flowing from a TEFRA partnership-level proceeding, an exception is carved out for affected items that require partner-level determinations. Sec. 6230(a)(2)(A)(i).

IV.  Precedents

In their motion to dismiss, petitioners rely heavily on Tigers Eye Trading, LLC v. Commissioner, 138 T.C. 67 (2012).  In Tigers Eye the parties stipulated that the partnership was a sham.  Id. at 102.  Accordingly, "[n]o additional facts [were] required to determine the absence of an outside basis" because the partnership did not exist for Federal tax purposes.  Id. at 119.  Because no further determinations were necessary, outside basis was a partnership item.  Id. Moreover, that outside basis determination also resulted in a determination of the applicability of a gross valuation misstatement penalty.  See section 6226(f) (giving the Court jurisdiction to determine "the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item" for taxable years ending after August 5, 1997).  No further partner-level determinations were required in that instance.

The Supreme Court recently addressed this same issue in United States v. Woods, 571 U.S. ___, 134 S. Ct. 557 (2013), and came to the same conclusion. Again, the Court stated that where the partnership is a sham, no partner-level determinations are needed to determine outside basis because "once the partnerships were deemed not to exist for tax purposes, no partner could legitimately claim an outside basis greater than zero."  United States v. Woods, 571

U.S. ___, ___, 134 S. Ct. 557, 565-566 (2013). This flows from the fact that there can be no basis in an asset that does not exist, such as nonexistent partnership interest. The Court went on to say that "the basis misstatement and the transaction's lack of economic substance are inextricably intertwined." Id. at ___, 134 S. Ct. at 567 (quoting Bemont Invs., LLC v. United States, 679 F.3d 339, 354 (5th Cir. 2012)). Thus, as with Tigers Eye, the Court held that outside basis is a partnership item when the partnership is held to be a sham, and the applicability of the gross valuation misstatement penalty arises as a preliminary determination. Even then, the penalty determination is "provisional". United States v. Woods, 571 U.S. at ___, 134 S. Ct. at 564. Notwithstanding this type of isolated situation in which outside basis is determined at the partnership level, the Supreme Court acknowledged that a court may otherwise need to determine "affected or non-partnership items such as outside basis." Id.

Even then, we do not determine basis in a vacuum. In these proceedings, we have jurisdiction to redetermine the amounts of deficiencies. See secs. 6230(a)(2)(A)(i); 6214(a). To determine the amount of a deficiency, any number of partner-level determinations may be required, even when components of the partner's basis in a partnership interest are fixed as a result of one or more partnership-level determinations. If, for example, a partner sold a partnership

interest, any deficiency relating to that sale would need to be determined at the partner level. The amount realized on that sale would be a partner-level determination even if all of the components of the partner's basis in the partnership interest may already have been determined at the partnership level.

In these specific cases, the partners were charged with income as a result of the discharge of partnership liabilities; thus petitioners argue that no partner-level determinations are necessary. They are mistaken.

Their outside basis is not fixed by partnership-level determinations, even in the case of a section 754 election. The Tax Court in Tigers Eye and the Supreme Court in Woods held that outside basis was a partnership item because the partnerships were shams and thus no other determinations were necessary to preliminarily determine that a gross valuation misstatement penalty applied. That is not the case before us. The TEFRA proceeding regarding Regency Plaza did not determine that the partnership was a sham, and thus in these proceedings we must treat it as a bona fide partnership.

Redetermining the amounts of deficiencies resulting from partnership-level adjustments will require that we look to the partners' specific facts. For example, if a partner incurred litigation costs in the defense of the ownership of the partnership interest, those costs would be added to the partner's outside basis, but they would

not be taken into account as part of a section 754 election or any other partnership-level determination.  Cf. Lange v. Commissioner, T.C. Memo. 1998-161.  To make such a determination, the IRS is required to follow deficiency procedures.  Sec. 6230(a)(2)(A)(i).

Determining that a partner did not incur such a cost is just as much a partner-level determination.  As we have previously stated:  "Neither the Code nor the regulations thereunder require that partner-level determinations actually result in a substantive change to a determination made at the partnership level."  Domulewicz v. Commissioner, 129 T.C. 11, 20 (2007), aff'd in part, rev'd in part sub nom. Desmet v. Commissioner, 581 F.3d 297 (6th Cir. 2009).  In dicta, the Court of Appeals for the Sixth Circuit arguably took issue with this statement, stating that it "conflicts with TEFRA's mandate to resolve all issues in a single proceeding against the partnership whenever possible."  Desmet v. Commissioner, 581 F.3d at 304.  However, TEFRA's mandate is that all partnership items be resolved in a single proceeding.  Sec. 6221.  And the controlling statute explicitly requires that, if partner-level determinations are necessary to determine the correct amount of tax, the IRS must follow deficiency procedures.  Sec. 6230(a)(2)(A)(i).  To ignore potential partner-level determinations by assessing without following deficiency procedures would have the effect of depriving partners of a prepayment forum

where there is a dispute as to the amount or existence of partner-level determinations that could affect the amount of the assessment. Section 6230(a)(2)(A)(i) is specifically intended to give partners that prepayment forum.

Under these facts, outside basis is an affected item requiring partner-level determinations, and we have subject-matter jurisdiction over these cases.

To reflect the foregoing,

An appropriate order will be issued.