ISRAEL GREENWALD & RUTH GREENWALD, ET AL., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenwald v. Comm'r
Docket No. 29126-11, 29244-11, 3203-12, 3212-12, 3213-12, 3215-12, 3216-12, 3217-12, 3218-12.
United States Tax Court
2014 U.S. Tax Ct. LEXIS 33; July 2, 2014, Decided
Greenwald v. Comm'r, 2014 U.S. Tax Ct. LEXIS 19 (May 21, 2014)
*33 Ronald L. Buch, Judge.
Ronald L. Buch
ORDER
The Court issued its opinion in these cases on May 21, 2014, as set forth in its Division Opinion, 142 T.C. No. 18. On June 22, 2014, petitioners filed a Motion for Reconsideration of Findings or Opinion Pursuant to Rule 161[1] and a Motion to Vacate or Revise Pursuant to Rule 162. The motions, other than their titles, are almost identical and ask us to: (1) revise our finding that respondent prepared substitute Forms 1065 or Schedule K-1s in the cases other than the Greenwald and Auchter case; and (2) revise our finding that the spreadsheet attached to Mr. Greenwald's notice of deficiency refers to numbers taken from Regency Plaza's 1996 and 1997 Forms 1065 and 1997 Schedule K-1s.
The opinion states on page 3 that "[i]n laying out the facts, we focus on the Greenwalds" The opinion also acknowledges in footnote 3 that while there are many different entities and petitioners involved in these cases, the dispositive facts are the same. Our discussion of the facts as they relate to the Greenwalds was primarily for illustrative purposes and we found only those facts tiiat were material to our decision on the jurisdictional *34 issue.
As to the first issue, whether respondent prepared substitute Forms 1065 or Schedule K-1s for any of the petitioners, including the Greenwalds and Auchters, was not dispositive to our finding that we had jurisdiction over the cases.
As to the second issue, again, the numbers on the spreadsheet and where they may have originated was not dispositive to our ultimate determination that we had jurisdiction. Further, the spreadsheet does include a column labeled "1065 Total" and the column includes numbers from 1996 and 1997. The spreadsheet also includes numbers labeled as from the Schedule K-1s. Petitioner is correct that the opinion is in error where it states "1997 Schedule K-1" and it should instead read "1995 Schedule K-1". If the numbers on the spreadsheet came from a different source or if spreadsheet is otherwise incorrect, these are issues that can be addressed during briefing.
Accordingly, it is
ORDERED that petitioners' motion for reconsideration is granted in that the sentence on page 5 which reads: "The spreadsheet refers to information taken from Regency Plaza's 1996 and 1997 Forms 1065 and the 1997 Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for *35 Mr. Greenwald." is hereby amended to read: "The spreadsheet refers to information taken from Regency Plaza's 1996 and 1997 Forms 1065 and the 1995 Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for Mr. Greenwald." It is further
ORDERED that petitioners' motion to vacate or revise pursuant to Rule 162 is denied because no decision has been entered in this case.
/s/ Ronald L. Buch
Ronald L. Buch
Judge
Dated: Washington, D.C.
July 2, 2014
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure.↩