26 U.S.C. § 6231(a)(3). Treasury Regulation § 301.6231(a)(3)-1 further identifies partnership items as the income, gains, losses, deductions and credits of a partnership.
*713 26 C.F.R. § 301.6231(a)(3)-1 ; see also Prochorenko v. United States , 243 F.3d 1359, 1363 (Fed. Cir. 2001) ; Keener v. United States , 76 Fed.Cl. 455, 458 (2007). A partnership item also includes factors that affect the determination of partnership items such as "accounting practices and the legal and factual determinations that underlie the determination of the amount, timing, and characterization of items of income, credit, gain, loss, deduction." 26 C.F.R. § 301.6231(b). The regulations further define "partnership items" as both "the partnership aggregate" and "each partner's share" of the partnership's "income, gain, loss, deduction, or credit of the partnership." 26 C.F.R. § 301.6231(a)(3)-1(a)(1)(i) (2002).
By contrast, nonpartnership items are those items not treated as partnership items, 26 U.S.C. § 6231(a)(4), tax treatment of which is determined at the individual partner level. See Crnkovich v. United States, 202 F.3d 1325, 1328-29 (Fed. Cir. 2000) ; Keener , 76 Fed.Cl. at 458. Affected items fall into a hybrid category, defined as "any item to the extent such item is affected by a partnership item." 26 U.S.C. § 6231(a)(5). For example, this may include penalties assessed against a partner based on the partner's tax treatment of partnership items on his individual return, Olson v. United States , 172 F.3d 1311, 1316-17 (Fed. Cir. 1999), or a taxpayer-partner's medical expenses deduction under 26 U.S.C. § 213(a) are "affected items," Rowland v. United States , No. 7:07-CV-18-O, 2011 WL 2516170, at *2 (N.D. Tex. June 22, 2011).
If the IRS wishes to audit a partnership's advisory return, the IRS initiates proceedings at the partnership level "to adjust 'partnership items,' those relevant to the partnership as a whole." Id. The IRS then notifies individual partners of the adjustments to the partnership items, and assesses all of the partners based on the adjustment. Id. This two-stage procedure avoids having partnership items determined piecemeal at individual partner-level proceedings. See generally Irvine v. United States, 729 F.3d 455, 459-60 (5th Cir. 2013).
The "Tax Matters Partner" is the central figure of the partnership during the partnership-level administrative proceeding with the IRS. Each partnership must designate a general partner as the TMP, 26 U.S.C. § 6231(a)(7)(A), usually when the partnership return is filed. See sec. 301.6231(a)(7)-1(c), Proced. & Admin. Regs. The TMP acts as the liaison between the partnership and the IRS and represents the partnership in related judicial proceedings. Computer Programs Lambda, Ltd. v. Commissioner , 89 T.C. 198, 205 (1987) ; see also Transpac Drilling Venture 1982-12 v. C.I.R. , 147 F.3d 221, 225 (2d Cir. 1998) ("By centralizing tax-related proceedings of the partnership in one person or entity, Congress created a statutory analogue of the class representative in class action proceedings."). For the duration of the TMP's designation, the TMP's decisions bind the partnership. In re Miller , 174 B.R. 791, 794 (9th Cir. BAP 1994), aff'd , 81 F.3d 169 (9th Cir. 1996).
The TMP or other partners can settle with the IRS as to the characterization of partnership items for a given taxable year. See Keener v. United States , 76 Fed.Cl. 455, 461 (2007) (citing 26 U.S.C. § 6224(c) ), aff'd , 551 F.3d 1358 (Fed. Cir. 2009). Where the TMP settles on behalf of the partnership, all other partners are bound by the settlement, with two exceptions. Notice partners as defined in the Tax Code are not bound,[3] nor partners who specifically denied the TMP settlement authority on that partner's behalf.
*714 § 301.6224(c)-1. Such partners also may generally opt out of settlements reached between the TMP and IRS. Keener , 76 Fed.Cl. at 461 (citing 26 U.S.C. § 6224(c) ).
At the conclusion of this process, the IRS must independently notify the individual partners of any adjustments made to the partnership items via Notice of Final Partnership Administrative Adjustment ("FPAA"). 26 U.S.C. § 6223(a)(2) ; Irvine v. United States , 729 F.3d 455, 460 (5th Cir. 2013) ; Rowland v. United States , No. 7:07-CV-18-O, 2011 WL 2516170, at *2 (N.D. Tex. June 22, 2011). A Notice of FPAA sets out the proposed adjustments-for example, disallowing all or part of the partnership's deductions-and lists the grounds for the proposed adjustments. 26 U.S.C. § 6223 ; see also Kaplan v. United States , 133 F.3d 469, 471 (7th Cir.1998).
If a partner wishes to contest his or her individual tax assessment on the partner level, the partner must pay the taxes and then file a refund action. District courts generally have subject matter jurisdiction over a partner's refund claim. Irvine, 729 F.3d at 460 (citing 28 U.S.C. § 1340, § 1346(a)(1) ); see also United States v. Clintwood Elkhorn Min. Co. , 553 U.S. 1, 4, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008) (citing 28 U.S.C. § 1346(a)(1) ) (Generally, "[a] taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States District Court or in the United States Court of Federal Claims."). However, the partner must comply with the strict timing provisions of § 6226(a). Within 90 days from the FPAA issuing, the TMP may file a petition in tax court, federal district court, or the federal court of claims for readjustment of partnership items. 26 U.S.C. § 6226(a). If the TMP does not so file within 90 days, then individual partners may petition for readjustment of the partnership item "within 60 days after the close of the 90-day period." 26 U.S.C. § 6226(b). In either scenario, each partner during the relevant taxable year is treated as a party to the action. Id. ; § 6226(c)(1). If the petition for readjustment is filed timely, the court retains jurisdiction "to determine all partnership items of the partnership for the partnership taxable year to which the [FPAA] relates," and to determine "the proper allocation of such items among the partners." Id. § 6226(f). See Irvine, 729 F.3d at 460. Failure to adhere to these timing principles results in dismissal of the action.
At the outset, Levin challenges the TMP's authority under TEFRA to settle on behalf of the partnership. Alluding to the lack of the settlement agreement in the summary judgment record, Levin argues that no evidence exists demonstrating that he was a party to the settlement agreement, ECF No. 30 at 6. Alternatively, Levin argues that he is not bound by the TMP settlement because Levin is a notice partner. ECF No. 30 at 8.[4]
*715 Levin, as the party seeking to assert the Court's jurisdiction, bears the burden of establishing jurisdiction. To the extent Levin challenges the settlement agreement's applicability, the agreement itself is a partnership item because it affected the entire partnership's bottom-line. See Acute Care Specialists II v. United States , 727 F.3d 802, 809 (7th Cir. 2013), as amended on denial of reh'g and reh'g en banc (Nov. 5, 2013) (citing 26 U.S.C. § 6231(a)(3) ; 26 C.F.R. § 301.6231(a)(3)-1(b) ). Accordingly, Levin's bare allegations that the settlement agreement does not reach him because the TMP lacked the authority to settle on Plaintiff's behalf, see Complaint, ECF No. 1 at 3, carries little weight in the absence of the agreement itself or any other evidence supporting Levin's bald assertion.
Levin next challenges the propriety of the FPAA by claiming that as a notice partner, he is not bound by the settlement agreement. Levin may be correct that "TEFRA ... excludes partners entitled to notice and partners properly objecting to the TMP's authority from tax settlements entered into by the TMP." Adams v. Johnson , 355 F.3d 1179, 1187 (9th Cir. 2004) (citing 26 U.S.C. § 6224(c) ) ). But even if the Court assumes Levin was a notice partner who possesses authority to challenge the settlement agreement, his claims are nonetheless time-barred. The IRS sends the FPAA to both the notice partner(s) and the TMP. See Sec. 6223(a)(2) ; Taurus FX Partners, LLC v. C.I.R. , 106 T.C.M. (CCH) 40 (2013) (citing Sec. 6223(d)(2) ) ("The IRS then must send a copy of the FPAA to the notice partners who are identified on the partnership return for the year at issue."). Any challenges to the FPAA must be brought within the time set forth in § 6226. Han Kook LLC I-D v. C.I.R. , 102 T.C.M. (CCH) 258 (2011) (citing § 6226(f) ). Specifically under § 6226, the TMP has 90 days to file a petition for readjustment of partnership items. Id. , citing PCMG Trading Partners XX, L.P. v. Commissioner , 131 T.C. 206, 207, 2008 WL 5191382 (2008). If the TMP fails to do so, § 6226(b)(1) allows any notice or other partner to file a petition for readjustment of partnership items within 60 days after the close of the 90-day period. Han Kook LLC I-D v. C.I.R. , 102 T.C.M. (CCH) 258 (2011) ; PCMG Trading Partners XX, L.P. v. Commissioner , 131 T.C. 206, 207, 2008 WL 5191382 (2008). Importantly-and unequivocally-the timing provisions are strict and jurisdictional. Id.
Here, Defendant issued the FPAA on or about January 20, 1998. See Form 886-A Explanation of Items, ECF No. 23-4 at 2-3; ECF No. 23 at 2 (The IRS's Explanation of Items issued to PCC Holdings stated that "each partner's share of the long-term capital gain is equivalent to each partner's negative capital account balance as of December 31, 1994."). Levin did not file the instant action until June 25, 2015. See ECF No. 1. Additionally, Levin failed to pursue his right to participate in the administrative adjustment or the right to seek a separate agreement at any time with the IRS within one hundred fifty days after the issuance of the FPAA. The Court, therefore, lacks jurisdiction over his Complaint.
Levin relies on Greenwald v. Commissioner , 142 T.C. 308 (2014) to argue that he may nonetheless challenge the FPAA here. In Greenwald , that tax court determined that it retained jurisdiction to review the notice of computational adjustment and an affected item notice of deficiency as to the Greenwalds. The Tax Court concluded the Greenwalds' outside basis could not be determined without looking at other partner-specific items, such as payment of legal fees by the partners on behalf of the partnership. Thus, the Court held that it maintained *716 jurisdiction on the Greenwald's action.
By contrast, the characterization of the income from the sale of PCCH's interest in Presidential to THREA is indisputably a partnership-level item. Partnership items include any gain or loss, partnership liabilities, and transactions and operations necessary to determine investment credit or its recapture. See Treas.Reg. § 301.6231(a)(3)-1(a)(1)(i)-(vi). They also include determinations affecting such items. Treas.Reg. § 301.6231(a)(3)-1(b). See also Bassing v. United States , 563 F.3d 1280, 1283 (Fed. Cir. 2009) (holding partner refund action barred because liquidation of partnership with negative capital account balance properly realized as taxable gain was partnership item). The sale of PCCH's interest in Presidential to THREA realized a gain to the partnership. Accordingly, because the FPAA concerned partnership-items only, Levin is bound by the jurisdictional time limitations in § 6226 to bring the instant action. Greenwald does not disturb this analysis.
Further, in the unlikely event the missing FPAA did not apply to Levin, this Court is still barred from hearing his federal income tax refund suit. TEFRA deprives courts of jurisdiction over claims "brought for a refund attributable to partnership items," with limited exceptions. 26 U.S.C. § 7422. As noted above, the overarching Transaction in this case is the tax liability of the partnership, undoubtedly a partnership-level proceeding. Levin's individual tax liability is wholly part of the same transaction. Levin's adjustment was necessary to satisfy the partnership's obligations and, although applied individually, the assessment was proportionate to his PCCH ownership and responsibility as a partner. See Form 886-A Explanation of Items, ECF No. 23-4 at 2-3; ECF No. 23 at 2; Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) (A partnership item includes "the partnership's aggregate and each partner's share of ... [i]tems of gross income, loss, deduction, or credit of the partnership."). Further, TEFRA notably removes subject matter jurisdiction not only for partnership item refunds, but claims "brought for a refund attributable to partnership items." 26 U.S.C. § 7422(h) (emphasis added). See also Keener v. U.S. , 551 F.3d 1358, 1366 (Fed. Cir. 2009) (noting that the plaintiff's "argument relies on the mistaken premise that § 7422(h) only bars claims for a refund of partnership items. The statute, however, bars refund claims attributable to partnership items."). Thus, even if Levin had satisfactorily established that his individual claim is a partner-level federal income tax refund suit not precluded by the 1998 FPAA, the merits of this action cannot be determined without revisiting the underlying partnership item. The court's jurisdiction to hear such a claim is barred by § 7422(h).
IV. Conclusion
In sum, because Plaintiff's Complaint demands the re-characterization of a partnership item long after the TERFA proceedings have terminated, the Court lacks jurisdiction over his claim. Accordingly, the Complaint must be dismissed. A separate Order follows.

Section 6231 of Title 26 of the United States Code defines a "notice partner" as a partner who is entitled to notice under 26 U.S.C. § 6223(a). Section 6223(a) provides that the Secretary must give notice of the beginning and completion of administrative proceedings under TEFRA to partners who have furnished their names and addresses to the Secretary at least 30 days before the notice is mailed to the tax matters partner. Subsection (b) indicates that subsection (a) does not apply to a partner if the partnership has more than 100 partners and the partner has less than a 1 percent interest.

A notice partner is generally defined as any partner in a partnership with 100 or fewer partners, and a partner with a 1 percent or greater profits interest in a partnership with more than 100 partners. IRC § 6231(a)(8) ; see also Han Kook LLC I-D v. C.I.R. , 102 T.C.M. (CCH) 258 (2011). Levin claims that he is a notice partner because of his 50% ownership interest in PCCH, which had a total of seven partners within the partnership. ECF No. 30; see ECF No. 23-4 at 2-3.