NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEST VENTURES, L.P., FKA Sleiman Ventures, L.P.; ANTHONY T. SLEIMAN, Tax Matters Partner, | No. 19-71134 |
| | Tax Ct. No. 24683-10 |
| Petitioners-Appellants, | |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted July 10, 2020[**]
Seattle, Washington

Before: CLIFTON, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

West Ventures, L.P. (West Ventures) appeals the tax court's order and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

decision in favor of the Commissioner. West Ventures argues that the tax court lacked subject matter jurisdiction to sustain the Commissioner's disallowance of a $62,370,000 short-term capital loss (Loss) declared in its tax filing (Form 1065) for the 1999 tax year. We have jurisdiction under 26 U.S.C. § 7482(a).

The tax court's rulings on jurisdictional issues are reviewed de novo. *See Gorospe v. Comm'r*, 451 F.3d 966, 968 (9th Cir. 2006) (reviewing the tax court's dismissal for lack of subject matter jurisdiction de novo); *see also Taproot Admin. Servs., Inc. v. Comm'r*, 679 F.3d 1109, 1114 (9th Cir. 2012) (reviewing the tax court's grant of summary judgment de novo). Because the Internal Revenue Code, its associated regulations, and our case law are clear that the Loss was a partnership item of West Ventures, the final partnership administrative adjustment (FPAA) was properly issued to West Ventures, the tax court had jurisdiction, and we affirm.[1]

West Ventures' main argument on appeal is that, in seeking to disallow the Loss, the Commissioner commenced proceedings against the wrong entity, and

---

[1] We recognize that the tax court appears to have concluded that the Loss was an "affected item" of Sleiman Two. However, "[d]ecisions of the tax court are reviewed on the same basis as decisions from civil bench trials in the district court." *MK Hillside Partners v. Comm'r*, 826 F.3d 1200, 1203 (9th Cir. 2016) (quoting *DHL Corp. & Subsidiaries v. Comm'r*, 285 F.3d 1210, 1216 (9th Cir. 2002). Accordingly, the tax court's decision may be affirmed on any ground supported by the record, even if not relied upon by the tax court. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017).

thus the tax court lacked jurisdiction. In particular, West Ventures argues that, according to Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), 26 U.S.C. §§ 6221–6234 (2000), the Commissioner's FPAA should have been issued to Sleiman Ventures (Two) LP (Sleiman Two), which is 90% owned by West Ventures. In statutory terms, West Ventures' argument is that the Loss is a "partnership item" of Sleiman Two, not West Ventures. *See* 26 U.S.C. § 6226(f) (2000) (the tax court has "jurisdiction to determine all partnership items" of the partnership to which the FPAA relates).

Pursuant to TEFRA, a partnership item is one that is "required to be taken into account for the partnership's taxable year under any [income tax] provision" and that "is more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3) (2000). When identifying a partnership item, "[t]he 'critical element' is that the partnership is required to make the determination." *Greenwald v. Comm'r*, 142 T.C. 308, 313–314 (2014) (quoting 26 C.F.R. § 301.6231(a)(3)-1(c)(1)). "Partnership items, such as a partnership's income, gain, loss, deductions, or credits, are items that must be taken into account on a partner's federal income tax return and that are determined by the Treasury Secretary to be 'more appropriately determined at the partnership level than at the partner level.'" *Candyce Martin 1999 Irrevocable Tr. v. United States*, 739 F.3d 1204, 1210 (9th Cir. 2014) (citation omitted) (quoting 26 U.S.C. § 6231(a)(3)

3

(2000)). "'[P]artnership losses . . . are . . . partnership items' of the partnerships that initially reported the losses." *Russian Recovery Fund Ltd. v. United States*, 101 Fed. Cl. 498, 505 (2011) (quoting *Sente Inv. Club P'ship v. Comm'r*, 95 T.C. 243, 247 (1990)), *aff'd*, 851 F.3d 1253 (Fed. Cir. 2017). Moreover, "the IRS must adjust a partnership item at the partnership level that first produces the loss (or gain) in question." *Id.*

Here, it is undisputed that the Loss was first reported in West Ventures' Form 1065, and it was not reported in Sleiman Two's Form 1065 for the 1999 tax year. This makes sense, because the Loss was produced by West Ventures' redemption of its partnership interest in Sleiman Two. Therefore, the FPAA, to the extent it disallowed the Loss, was properly issued to West Ventures, the entity that first produced and reported it.

In *Candyce Martin*, we specifically rejected West Ventures' argument in analogous circumstances. Analyzing a tax shelter structure almost identical to the one at issue here, we observed that "the IRS could have issued an FPAA" to the partnership, like West Ventures here, that claimed losses stemming from its redemption of interests in another partnership (here, Sleiman Two). 739 F.3d at 1212. We repeatedly referred to those losses, which were analogous to the Loss, as partnership items of the redeeming entity—in this case, West Ventures. *Id.* at 1210–12. And we rejected the idea that the losses could have originated with the

4

non-reporting partnership, which in this case was Sleiman Two. *Id.* at 1213. Accordingly, *Candyce Martin* establishes that, for the purposes of disallowing the Loss, the FPAA was properly issued to West Ventures.

West Ventures' secondary argument, that the FPAA was untimely, depends on the conclusion that the Loss was not a partnership item of West Ventures. But, as described above, we conclude that the Loss was a partnership item of West Ventures. Accordingly, without ruling upon the full extent of the scope of the Form 872-P agreements extending the Commissioner's deadline to make assessments related to West Ventures, the FPAA was timely here.

**AFFIRMED.**